BERTRAM A. DRUKER, trustee, vs. ROLAND WM. JUTRAS
ASSOCIATES, INC. & another.

Suffolk.    March 4, 1976. — June 4, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER,
& WILKINS, JJ.

*Pleading, Civil,* Complaint.    *Practice, Civil,* Motion to dismiss.

A complaint alleging that the defendants under a written agreement
performed interior design services for the plaintiff's restaurant, be-
came privy to the plaintiff's unique concept, design, logotype, legend
and theme for the restaurant, and later improperly used these items,
including the name of the restaurant, in rendering interior design
services for a hotel in another city sufficiently stated a claim against
the defendants for breach of contract. [384-385]

CIVIL ACTION commenced in the Superior Court on Au-
gust 16, 1974.

The case was heard by *Adams, J.,* on a motion to dismiss.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*John S. Leonard* (*George A. McLaughlin, Sr.,* with him)
for the plaintiff.

*David H. Halpert* for the defendants.

BRAUCHER, J.    The plaintiff alleges that the defendants
performed interior design services for his restaurant, be-
came privy to his unique concept, design, logotype, legend
and theme for the restaurant, and later improperly used
these items, including the name of the restaurant, in rend-
ering interior design services for a hotel in Toronto, Can-
ada. His action was dismissed under Mass. R. Civ. P. 12
(b) (6), 365 Mass. 754 (1974), and he appealed. We trans-
ferred the case to this court on our own motion. We hold
that the complaint sufficiently states a claim for breach of

contract, and reverse the judgment dismissing the action.

The complaint alleges, as cause 1, that during 1969 the plaintiff, trustee of Colonnade Trust, at great personal effort, ingenuity and expense, developed a concept for a restaurant at the Colonnade Hotel in Boston. The restaurant would be named "Zachary's" and would reflect a European image with professional excellence in products, service and atmosphere. He personally conceived the distinctive name and designed a unique logotype and historical legend, as well as the entire design format and theme, thereby creating a distinctive and strong marketing identity for "Zachary's." In March, 1970, he made a written agreement, annexed to the complaint, with the defendant corporation for the performance of decorating and consulting services for the hotel and restaurant. The individual defendant was president and chief executive officer of the corporate defendant. They were in a fiduciary relationship position of great confidence and owed to the plaintiff a duty of utmost good faith. They became privy to the plaintiff's concept for "Zachary's," which has become well and favorably known to the public through the plaintiff's skill and effort and has become a distinctive trade name for his restaurant. In breach of their fiduciary duty, without the plaintiff's consent, the defendants, for a profit, revealed the plaintiff's distinctive name and its logotype, legend, design, theme and concepts to others, trading on the plaintiff's reputation, good will and property rights and appropriating them to their own use, to his damage.

Cause 2 of the complaint repeats these allegations and adds that the defendants thereafter performed interior design and consulting services for a hotel in Toronto, Canada, and as part of those services recommended the plaintiff's concept, name, etc., as their own, fraudulently diverting to themselves the profits and benefits from the plaintiff's concept, reputation, good will and extensive advertising, without his consent and in violation of his rights. Thereafter the hotel opened, using the name "Zachary's" and the plaintiff's logotype, legend, designs and themes. As a result the plaintiff has been damaged, the public is liable to be

confused, and the defendants have been unjustly enriched. Damages and injunctive relief are sought.

Under Mass. R. Civ. P. 8, 365 Mass. 749 (1974), intendments are to be made in favor of the pleader, rather than against him, and we resist any tendency to reinstate abandoned pleading requirements. *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 (1975). Legal conclusions are not frowned on, if the defendant is fairly notified of the nature of the claim and the grounds on which the plaintiff relies. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).

The plaintiff argues that he has set forth a claim of violation of common law copyright, citing *Edgar H. Wood Associates, Inc.* v. *Skene*, 347 Mass. 351 (1964), and *J.T. Healy & Son* v. *James A. Murphy & Son*, 357 Mass. 728 (1970), a trade secret case. The defendants reply that this argument was not made in the trial court, and append a copy of the plaintiff's memorandum submitted there, which shows primary reliance on *Summerfield Co.* v. *Prime Furniture Co.*, 242 Mass. 149, 155 (1922), dealing with unfair methods of competition. In the view we take, we need not address this issue further.

We think the complaint sufficiently invokes the principle that "in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing." *Uproar Co.* v. *National Broadcasting Co.*, 81 F.2d 373, 377 (1st Cir.), cert. denied, 298 U.S. 670 (1936), quoting from *Kirke La Shelle Co.* v. *Paul Armstrong Co.*, 263 N.Y. 79, 87 (1933). See *Perkins* v. *Standard Oil Co.*, 235 Ore. 7, 16-17 (1963). Cf. *Tobin* v. *Cody*, 343 Mass. 716, 722 (1962); Restatement (Second) of Contracts § 231 (Tent. Drafts Nos. 1-7, 1973). We are not prepared to discuss the application of that principle to the various hypothetical cases which might be proved under the complaint. At least an answer is required.

*Judgment reversed.*