Agnes, A.J.
INTRODUCTION
This is a civil action in which plaintiff, John Pitney (“Pitney”), filed a two-count complaint seeking damages on grounds that the defendant, Table Talk Pies, Inc. (‘Table Talk”) engaged in unlawful conduct during employment negotiations that is compensable under theories of negligent misrepresentation and promissory. The defendant now moves for summary judgment on both counts. For the reasons discussed below, the defendant’s motion is DENIED.
FACTUAL BACKGROUND
Viewing the evidence in the light most favorable to the plaintiff, it appears that on September 5, 2003, Pitney submitted an application for employment in response to an ad placed by Table Talk on an Internet Bulletin Board known as “Monster.com” for a position as sanitation manager. See Plaintiffs Answers to Interrogatories, p. 8. Pitney was interviewed on the same day he went to Table Talk’s place of business to fill out the application. See Deposition of John Pitney, p. 31. Pitney understood that he was applying for an at-will position at Table Talk. See id. at 34. During the brief interview, Pitney and the interviewer discussed background, mutual acquaintances, and a brief outline of the job. See id. at 35. Pitney says that the only position *273 that was discussed with the employer was the one for the position of “sanitation manager.” See id. After the initial interview, Pitney met with several other managers at Table Talk regarding the job. Pitney recalls that he toured the plant and met with the manager whose responsibilities Pitney would assume. Plaintiffs Answers to Interrogatories, p. 5.
Pitney also says that he and the human resources manager went over the position requirements and responsibilities as posted on the Monster.com ad for “sanitation manager.” See Deposition of John Pitney, pp. 39-40. Pitney admits to discussing his lack of experience in a bakeiy setting, but says that his qualifications were otherwise suitable for the job. See id, at 41-42. Pitney also knew that part of his position at Table Talk would involve “hand-on” work, meaning he would sometimes work on the floor with other sanitation workers to clean the plant. See id. at 44.
Pitney also met with Harry Kokkinis, the owner’s son. Pitney claims that Kokkinis again went over the job requirements, and indicated that Pitney was going to be in charge of the department, overseeing three shifts. See id. at 60-61. Pitney was offered a salary of $48,000 with a review at three months and one at six months with the understanding that Pitney’s salary would increase by that time to $60,000. See Plaintiffs Answer’s to Interrogatories, p. 6. Plaintiff passed a required physical and was subsequently officially hired as “sanitation manager.”[1] See id. Pitney resigned from his former job and began working for Table Talk in November 2003. Approximately two months later, Pitney resigned from Table Talk indicating his reason for leaving was that he never received the title or duties of “sanitation manager.” See Plaintiff’s Memo.
DISCUSSION
I
Summary judgment is granted where there are no issues of material fact and when the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment, not bearing the burden of proof at trial, may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). A moving party can meet its burden by showing the non-moving party lacks evidence to support the non-moving party’s case. See Kourouvacilis, 410 Mass, at 711. Once the moving party meets that burden, the non-moving party must show by admissible evidence that there does exist a dispute as to material facts. Id. (citing Godbout v. Cousens, 396 Mass. 254, 261 (1985)). Anon-moving party plaintiff must set forth specific facts showing the existence of an issue for trial. Id. (citing Mass.R.Civ.P. 56(e)); Wheatley v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994).
II
Summary judgment is inappropriate in this case because there exists a dispute as to material facts. The record indicates a dispute between the parties as to representations made by the employer to the prospective employee during a series of interviews, as well as over exactly what position Table Talk hired the plaintiff for in November 2003.
Even though Pitney was hired by Table Talk as an “at-will” employee, the plaintiff is not barred from bring a claim for misrepresentation and promissory estoppel for alleged actions occurring before actual employment commenced.[2] Table Talk claims that Pitney cannot succeed on his claims because his at-will status did not allow him to reasonably rely on oral statements by Table Talk. In other words, Table Talk maintains that because it would have had the right to discharge the plaintiff after accepting employment without giving a reason (regardless of whether he had been hired as a manager or not), it was free to misrepresent the facts about the nature of the position it advertised and for which the plaintiff applied.
While it may not have been reasonable for the plaintiff to rely on a promise of continued employment under the circumstances, see Saxonis v. City ofLyrm, 62 Mass.App.Ct. 916, 917 (2004), there is ample evidence in the record that he was entitled to rely on a representation that the position he would be hired for was a management position. See Id. (“A juiy could reasonably conclude that, based on Malagrifa’s promises and Saxonis’s detrimental reliance thereon, a contract was formed to hire Saxonis as Lazaris’s replacement (on an at-will basis), and that Saxonis could recover reliance damages (primarily from closing her business) for the breach”). By giving up his own job to accept new employment, the evidence would support a finding that the plaintiff acted to his detriment in reliance on a promise made by the defendant. Any prospective employee is entitled to recover damages from a prospective employer for either intentional or negligent misrepresentation, so long as the plaintiff proves that the prospective employer made a false representation as to a material fact with respect to the employment and that the plaintiff reasonably relied on such misrepresentation. See Robertson v. Gaston, Snow, Ely & Bartlett, 404 Mass. 515, 523 (1989), citing BarrettAssocs. v. Aronson, 346 Mass. 150, 152 (1963). See also Restatement (Second) of Torts §526 (1977). See also Frederick v. Conagra, Inc., 713 F.Sup. 41, 47 (D.Mass. 1989).
*274 In addition, on the count alleging promissory estoppel, the plaintiff has stated a valid claim for breach of contract. “When a promise is enforceable in whole or in part by virtue of reliance, it is a ‘contract,’ and it is enforceable pursuant to a ‘traditional contract theory’ antedating the modern doctrine of consideration.” Loranger Construction Corp. v. E.F. Hausman Co., 376 Mass. 757, 761 (1978), citing Sullivan v. O’Connor, 363 Mass. 579, 588 n. 6 (1973). See also Rhode Island Hospital Trust National Bank v. Varadian, 419 Mass. 841, 850 (1995) (“The clear implication of our decision in Loranger, supra, is that an action based on reliance is equivalent to a contract action, and the party bringing such an action must prove all the necessary elements of a contract other than consideration”). “(E]very contract, including every employment contract, is subject to an implied covenant of good faith and fair dealing that neither party will do anything to deprive the pther of the fruits of the contract.” Prozinski v. N.E. Real Estate, 59 Mass.App.Ct. 599, 612 n. 7 (2003). Accord, Harrison v. Netcentric Corp., 433 Mass. 465, 473 (2001). When an employer hires a person as an at-will employee under circumstances in which the employer has materially misrepresented the nature of the position for which the employee has been hired (such as a misrepresentation that the position is a management position when it is not) it constitutes a prima facie case of a violation of the covenant of good faith and fair dealing which is an essential part of the contract of employment at-will even though under the terms of the employment contract the employer retained the right to discharge the employee without cause. See Druker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385 (1976), quoting Uproar Co. v. National Broadcasting Co., 81 F.2d 373, 377 (1st Cir.), cert. den. 298 U.S. 670 (1936) (indicating that the implied covenant of good faith and fair dealing provides “that neither party shall do anything that will have the effect of destroying or inuring the right of the other party to receive the fruits of the contract . . .”). See also Marx v. Globe Newspaper, Suffolk Superior Court, No. 00-2579-F (Nov. 26, 2002) (Gants, J.) (Mass. L. Rptr. 400) (“While courts have not characterized terminations of at-will employees contraiy to public policy as violations of the covenant of good faith and fair dealing implicit in the employment relationship, it is not unfair to adopt such a characterization”).
Moreover, if it is a violation of public policy to deprive an at-will employee of compensation that he or she has earned before the employee is discharged, see Fortune v. National Cash Register Company, 393 Mass. 96, 105 (1977), it is certainly a violation of public policy for an employer to induce an employee to give up a job and take a new position on the basis of material misrepresentations about the nature of the position for which the employee is hired.
ORDER
For the reasons discussed above, it is hereby ORDERED that the defendant’s motion for summary judgment is DENIED.

Table Talk disagrees with Pitney’s factual account on the basis of exactly what position Pitney was hired for in October of 2003. Table Talk asserts that Mr. Kokkinis told Pitney that the company actually needed a “sanitation supervisor.” See Table Talk's Answers to Plaintiff’s Interrogatories, p. 4. Furthermore, Table Talk says Pitney understood he would be supervising the night crew. See Id. Table Talk says that Pitney accepted the position of “sanitation supervisor” with the possibility of becoming eligible to become a “sanitation manager” subject to Table Talk’s needs at some unspecified future time. See id.

“At-will” employment status means that both the employer and employee retain the right to terminate employment at any time for any reason or no reason. See Upton v. JWP Businessland, 425 Mass. 756, 757 (1997).