Swan, J.
Michael Anthony Associates, Inc. (“Anthony”) is an employee recruiter. In April, 2010, Anthony filed a complaint against Next Jump, Inc. (“Next Jump”) for money had and received, quantum meruit, and unjust enrichment, and against both Next Jump and Senthil Nath, also known as Sentilnath Mohankumar (“Nath”), for breach of contract and of the implied covenant of good faith and fair dealing, civil conspiracy, fraud, and violations of G.L.C. 93A. Both defendants moved to dismiss the complaint for failure to state a claim pursuant to Mass. R. Civ. P., Rule 12(b) (6). The motions were allowed, and Anthony has appealed the dismissal of its action.
1. Motions to Dismiss. In evaluating the defendants’ motions to dismiss, “we accept the factual allegations in the amended complaint as true, but not the legal conclusions cast in the form of factual allegations.” Sandman v. Quincy Mut. Fire Ins. Co., 81 Mass. App. Ct. 188, 189 (2012). The amended complaint[2] alleges:[3]
Beginning in approximately March 2008, Next Jump retained Anthony to locate an employee to fill a certain position with Next Jump. Subsequently, there were numerous written and oral communications back and forth between Anthony and Next Jump. As a result of Next Jump’s request, Anthony began to undertake to locate an employee to meet Next Jump’s requirements. Anthony located Nath, as a potential candidate. Nath was introduced to Next Jump by Anthony. Ultimately, Next Jump decided *39 to hire Nath. Anthony, after having recruited and presented Nath to Next Jump as a candidate, continued to work towards having Nath hired by Next Jump and finalize the hiring. Anthony was the efficient cause of Nath being hired by Next Jump. However, Anthony, after producing Nath and completing all the work required for Nath’s hire, was told on inquiry by both defendants at various times that Nath had not been hired by Next Jump and that Nath was not working for Next Jump in any capacity whatsoever. Anthony contacted Nath to ascertain what had occurred. Nath denied that he was employed by Next Jump which also specifically advised Anthony that Nath was not hired by Next Jump.
The complaint went on to assert that Next Jump’s representations constituted “an outright falsehood known to both defendants to be a falsehood”; that Anthony “ascertained” that in fact Nath had been hired by Next Jump “into the position for which he was recruited by ... Anthony at the request of Next Jump”; that Anthony made demands for payment from Next Jump; and that Next Jump “failed, neglected or refused” to pay.
In Iannacchino v. Ford Motor Co., 451 Mass. 623, 635-636 (2008), the Supreme Judicial Court noted with approval the rejection by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-563 (2007) of the “often-quoted language” in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that “a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” The Iannacchino Court ruled that under the
“no set of facts” standard, “a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibil-itythat a plaintiff might later establish some ‘set of [undisclosed] facts’ to support recovery.” [Bell Atl. Corp., supra at 561.] “While a complaint attacked by a ... motion to dismiss does not need detailed factual allegations ... a plaintiff’s obligation to provide the ‘grounds’ of his ‘entitle [ment] to relief’ requires more than labels and conclusions.... Factual allegations must be enough to raise a right to relief above the speculative level ... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....” [Id. at 555.] What is required at the pleading stage are factual “allegations plausibly suggesting (not merely consistent with)” an entitlement to relief, in order to “reflect[] the threshold requirement of [Fed. R. Civ. E] 8(a) (2) that the ‘plain statemenf possess enough heft to ‘sho[w] that the pleader is entitled to relief’ [Id. at 557].”
Iannacchino, supra at 636. To gauge whether the trial court correctly applied these standards to Anthony’s complaint in this case necessitates a brief inquiry into the historical setting of Iannacchino itself.
Since the adoption of the Massachusetts Rules of Civil Procedure in 1973, a complaint, in order to set “forth a claim for relief,” must contain “(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.” Mass. R. Civ. R, Rule *40 8(a). Further, each averment in a complaint “shall be simple, concise, and direct,” Mass. R. Civ. R, Rule 8 (e) (1), and “shall be so construed as to do substantial justice.” Mass. R Civ. R, Rule 8(f). “No technical forms of pleading or motions are required.” Mass. R. Civ. R, Rule 8(e) (1). The Reporter remarked upon the “difference between the philosophy of Rule 8 and that of former pleading practice,” Reporter’s Notes to Mass. R Civ. P. 8, which mandated that the “allegations and denials of each party shall be so construed by the court as to secure as far as possible substantial precision and certainty.” G.L.c. 231, §38, repealed by St. 1975, c. 377, §80.
The United States Supreme Court in Conley v. Gibson, supra, applied the Federal counterpart[4] of what was to become Rule 8 to a complaint filed by African American employees of a railroad against the Brotherhood of Railway and Steamship Clerks. The complaint alleged that the union had failed to represent the plaintiffs “equally and in good faith,” specifically by failing to protect them from being fired by the company and replaced by white workers. Id. at 43. The Court held that the complaint “adequately set forth a claim and gave the respondents fair notice of its basis,” id. at 48, and propounded the “often-quoted language,” Iannacchino, supra at 635, later so roundly criticized, that “a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Conley, supra at 45-46.
That criticism came in Bell Atl. Corp. v. Twombly, supra, in which the Supreme Court affirmed the dismissal of a complaint alleging a conspiracy in restraint of trade or commerce, in violation of the Sherman Act, 15 U.S.C. §1. The complaint alleged only that the defendants engaged in parallel conduct; the Court stated that “when allegations of parallel conduct are set out in order to make a §1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.” Id. at 557. The complaint thus failed to state a claim of conspiracy under the Sherman Act. In the course of its discussion, the Court “retired” the “often-quoted” language, but went on to set forth the reason for the retirement, namely, that the language was not an accurate statement of the procedural requirements.
To be fair to the Conley Court, the passage should be understood in light of the opinion’s preceding summary of the complaint’s concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.
Bell Atl. Corp., supra at 562-563.
Iannacchino v. Ford Motor Co., supra, was a class action for violations of G.L.c. 93A and breach of warranty on a claim that Ford and three auto parts manufacturers *41 installed and sold door handle systems that did not comply with safety standards and were thus defective. The Court stated: “Because the term ‘defect’ is conclusory and can be subjective as well, a bare assertion that a defendant, while representing the opposite, has knowingly manufactured and sold a product that is ‘defective,’ or suffers from ‘safety-related defects,’ does not suffice to state a viable claim.” Id. at 633. Since the complaint failed either to allege, as it must, that the plaintiffs suffered personal injury or property damage or to “identify a legally required standard that the vehicles were at least implicitly represented as meeting, but allegedly did not,” it failed to state a claim. Id.[5]
Thus, both the United States Supreme Court and the Massachusetts Supreme Judicial Court have ruled that a complaint must offer more than labels and conclusions, and allege facts that are “enough to raise a right to relief above the speculative level.” Iannacchino, supra at 636, quoting Bell Atl. Corp., supra at 555. But Bell Atl. Corp. dealt with a complaint that, to survive dismissal, had to allege facts showing how the defendants engaged in a Sherman Act conspiracy, and Iannacchino dealt with a complaint that had to allege injury, property damage, or noncompliance with a governmental safety standard. Neither complaint alleged what was required, and each was dismissed. Both Bell All. Corp. and Iannacchino address causes of action involving a higher degree of specificity than the more garden variety of contract and tort cases. Significantly, neither opinion suggests any abandonment of the concept of “notice pleading”[6] underlying Rule 8. Nor does either opinion in any way find fault with the later passage of Conley v. Gibson, supra, that the rules of procedure require only “‘a short and plain statement of the claim’... that will give the defendant fair notice of what the plaintiff’s claim is and the grounds upon which it rests ... [and] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.” Id. at 47-48. “[I]ntendments are *42 to be made in favor of the pleader, rather than against him, and we resist any tendency to reinstate abandoned pleading requirements.” Druker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385 (1976). Simply stated, a complaint that alleges the material elements of a cause of action will withstand a Rule 12(b) (6) motion. With these principles, we turn to the complaint at hand.
2. Claims against Next Jump. The claims for breach of contract, violation of the implied warranty of good faith and fair dealing, quantum meruit, unjust enrichment, and G.L.c. 93A are adequately, albeit barely, pleaded.[7] As to the contract claim, the court below correctly posited Anthony’s putative role as that of “a broker (see Restatement 2d: Agency, §2, comment b; §445 et seq.) in the sense of being employed to negotiate for [Next Jump], or to introduce the parties to each other, or to be the effective cause of arranging a particular transaction.” Davidson v. Robie, 345 Mass. 333, 337 (1963). A contract of employment of a broker is fulfilled when the broker accepts an offer and completes the task he agrees to perform. Elliott v. Kazajian, 255 Mass. 459, 461 (1926); Fitzpatrick v. Gilson, 176 Mass. 477, 478 (1900). Anthony’s complaint alleged that Next Jump “retained” Anthony. In this context, we discern no special significance in the word “retain” and give the word its plain meaning: “to keep in one’s pay or service.” Merriam-Webster’s Collegiate Dictionary 996 (2001). Anthony as a broker was therefore hired to perform services for Next Jump by Next Jump. The service was “to locate an employee to fill a certain position with Next Jump.” The complaint goes on to allege that Anthony did exactly that, to wit, “located Nath, as a potential candidate.” As it is the burden of a plaintiff to prove that its services were the “efficient cause” of the hiring, see Kacavas v. Diamond, 303 Mass. 88, 91 (1939); Rich v. Behrn, 248 Mass. 450, 453 (1924), the complaint properly pleaded that “Anthony was the efficient cause of Nath being hired by Next Jump.” The complaint etches the outline of a completed contract, and, with the further demand for payment and refusal, a breach thereof.
Following the paragraph in the complaint alleging breach of contract is a separate paragraph that the action is for breach of the implied covenant of good faith and fair dealing, and the court below accordingly treated it as a free standing count But, in fact, it is not a separate cause of action. “Every contract implies good faith and fair dealing between the parties to it” (emphasis added). Warner Ins. Co. v. Commissioner of Ins., 406 Mass. 354, 362 n.9 (1990), quoting Clark v. State St. Trust Co., 270 Mass. 140, 153 (1930). “The implied covenant of good faith and fair dealing provides ‘that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.’” Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 (1991), quoting Uproar Co. v. National Broadcasting Co., 81 F.2d 373, 377 (1st Cir. 1936), cert. denied, 298 U.S. 670 (1936). In this case, Anthony’s complaint states that Next Jump hired Nath due to Anthony’s efforts, but then denied doing so to avoid paying the commission. While the court below correctly relied on the teaching that the “scope of the covenant is only as broad as the contract that governs the particular relationship,” *43 Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385 (2005), cert. denied sub nom. Globe Newspaper Co. v. Ayash, 546 U.S. 927 (2005), the contractual scope here is one that must be litigated at trial, when the full terms of the agreements and the dealings of the parties are fleshed out. At this point, “[w]e are not prepared to discuss the application of that principle [of good faith and fair dealing] to the various hypothetical cases which might be proved under the complaint. At least an answer is required.” Druker, supra at 385.
Associated with the allegation of the breach of the implied covenant of good faith and fair dealing is that of a violation of G.L.c. 93A, §11. A “breach of the implied covenant of good faith and fair dealing may constitute an unfair or deceptive act or practice for the purposes of G.L. c. 93A” Massachusetts Employers Ins. Exch. v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995). The G.L.c. 93A claim should stand.
Anthony’s complaint presents two numbered paragraphs, one stating that the action is for quantum meruit and the other that the action is for unjust enrichment. They are the same thing. A “theory of unjust enrichment [is] also known as quasi-contract or quantum meruit.” Law Office of Alfred Paul Farese, Jr. v. Floramo, 2010 Mass. App. Div. 240, 243, aff'd and reVd in part on other grounds, No. 11-P-29 (Mass. App. Ct. November 7, 2011) (unpublished Rule 1:28 decision). “A quasi contract or a contract implied in law... ‘is not really a contract, but a legal obligation closely akin to a duty to make restitution.’ ‘A person who has been unjustly enriched at the expense of another is required to make restitution to the other’” (citations omitted). Salamon v. Terra, 394 Mass. 857, 859 (1985). Recovery “in quantum meruit presupposes that no valid contract covers the subject matter of a dispute,” Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993), and is thus a theory alternative to breach of contract. Since Anthony has alleged that it performed a service for Next Jump and did not get paid, the complaint states a claim for quantum meruit.
The claim for money had and received, however, must fail. “An action for money had and received to the plaintiffs use ordinarily lies ‘to recover money which should not in justice be retained by the defendant, and which in equity and good conscience should be paid to the plaintiff.’ Cobb v. Library Bureau, 268 Mass. 311, 316 [(1929)]. Here the defendant retains no funds belonging to the plaintiff.” Town of Adams v. First Nat’l Bank of Adams, 321 Mass. 693, 694 (1947).
Anthony’s allegation of fraud stands on an analytical footing different from a Rule 8 analysis. “In all averments of fraud, mistake, duress or undue influence, the circumstances constituting fraud, mistake, duress or undue influence shall be stated with particularity.” Mass. R. Civ. R, Rule 9(b). “Definite facts must be set out which constitute fraud without the aid of merely descriptive epithets.” Cosmopolitan Trust Co. v. S.L. Agoos Tanning Co., 245 Mass. 69, 73 (1923).
“A claim for damages from deceit requires proof that (1) the defendant made a misrepresentation of fact; (2) it was made with the intention to induce another to act upon it; (3) it was made with the knowledge of its untruth; (4) it was intended that it be acted upon, and that it was in fact acted upon; and (5) damage directly resulted therefrom. At a minimum, a plaintiff alleging fraud must particularize the identity of the person (s) making the representation, the contents of the misrepresentation, and where *44 and when it took place. In addition, the plaintiff should specify the materiality of the misrepresentation, its reliance thereon, and resulting harm” (citations omitted).
Equipment & Sys. for Indus., Inc. v. Northmeadows Constr. Co., 59 Mass. App. Ct. 931, 931-932 (2003). The complaint nowhere states that Anthony relied on any misrepresentation by Next Jump. Nor does it inform who at Next Jump made the representation, or where or when it occurred. The fraud claim was correctly dismissed.
3. Claims against Nath. So much of the complaint that seeks recovery against Nath may be disposed of more briefly. The complaint nowhere suggests any contractual or quasi-contractual relationship between Anthony and Nath. Anthony provided no services for Nath; its arrangement was solely with Next Jump. No claims for breach of contract, the implied warranty of good faith and fair dealing, or quantum meruit lie. Further, to prove a violation of G.L.c. 93A, §11, one must allege that the violator “engages in any trade or commerce.” This complaint does not. For the same reason that the fraud claim against Next Jump has no foundation — no allegation of reliance on misrepresentation — so with the fraud claim against Nath. This portion of the complaint was correctly dismissed.
4. Civil Conspiracy. The complaint charges both defendants with civil conspiracy to defraud Anthony by concealing Nath’s hiring by Next Jump. The conspiracy claim survives only if the fraud claim survives. In a suit brought against several defendants alleging a conspiracy to defraud, it was held that the “gist of a civil action of this sort is not the conspiracy, but the deceit or fraud causing damage to the plaintiff, the combination being charged merely for the purpose of fixing joint liability on the defendants.” New England Found. Co. v. Reed, 209 Mass. 556, 560 (1911). Moreover, if there is no tort set out as to a single defendant, conspiracy adds nothing except in instances where mere force of numbers acting in unison or other exceptional circumstances may make a wrong.” Weiner v. Lowenstein, 314 Mass. 642, 646-647 (1943). Without fraud, in other words, there can be no conspiracy. Having correctly dismissed the fraud claim, the court below likewise correctly dismissed the conspiracy claim.[8]
For the foregoing reasons, so much of the trial court’s order dismissing the “counts”[9] alleging breach of contract and the implied covenant of good faith and fair dealing, quantum meruit, and violations of G.L.c. 93A by Next Jump is reversed, and the case is returned to the trial court for further proceedings on those claims. The balance of the order of dismissal is affirmed.
So ordered.

 The original complaint was filed on April 5, 2010. An amended complaint was filed on April 14, 2010, presumably “as a matter of course” under Mass. R. Civ. R, Rule 15(a). Both the defendants’ motions to dismiss and this appeal address only the sufficiency of the amended complaint.

 The ensuing passage directly quotes the complaint, except for substituting proper names and inserting punctuation and conjunctions for contextual continuity, eliminating paragraph numbers and unessential phrases, and eschewing ellipses and brackets for ease of reading.

 Fed. R. Civ. R, Rule 8(a) (2).

 Iannacchino was decided on a motion for judgment on the pleadings under Mass. R. Civ. R. Rule 12(c), rather than a motion to dismiss for failure to state a claim under Mass. R. Civ. R, Rule 12(b) (6). The Courts discussion retiring the “often-quoted language” of Conley v. Gibson, supra, appears at the end of the opinion where the Court stated that it would “take the opportunity to refine the standard governing motions to dismiss under Mass. R. Civ. R, Rule 12(b) (6).” Id. at 625. At the conclusion of its discussion, the Court wrote: “The clarified standard for rule 12(b)(6) motions adopted here will apply to any amended complaint that the plaintiffs may file.” Id. at 636.

 The term “notice pleading” — or in the words of J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §23.1.5, at 356 (2d ed. 2006), “the relaxed policy of‘notice pleading’” — may perhaps be as misunderstood as the “often-quoted language” of Conley. To the extent that the term is used at all, it should be viewed as synonymous not with “labels and conclusions” proscribed by Iannacchino, but rather with the “short and plain statement” that is to “be simple, concise, and direct” as required by Mass. R. Civ. R. Rule 8(a) and (e)(1). Otherwise, in the spirit of Iannacchino, the term may well earn its retirement along with the “often-quoted language.”

 As the trial court noted, the complaint constitutes a “laundry list” of Anthony’s claims, and does not state them in separate counts as required by Mass. R. Civ. R, Rule 10(b), making the pleading exceedingly difficult to dissect.

 Returning to the beginning of this lengthy discourse, we add the Supreme Court’s observation in Bell Atl. Corp. v. Twombly, supra, that parallel conduct without more does not a conspiracy make. The complaint before us suggests no more than that Next Jump and Nath separately told Anthony that Nath had not been hired by Next Jump, without making any showing of a preceding agreement to do so.

 As stated in note 7, supra, there are no actual counts, and we leave it to Next Jump’s counsel as to how to frame a responsive pleading to the surviving portions of the complaint.