NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-96

LEAH C. GRIFFIN & another[1]

vs.

ERIC L. MEARS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The parties live on abutting parcels and have long quarreled over an easement that crosses their properties.  A judge of the Superior Court referred the parties to binding arbitration, pursuant to arbitration clauses in the parties' settlement agreement and amendment of easement.  The judge confirmed the arbitration award and denied the defendant's motion to vacate or modify the arbitration award.  The defendant appealed from the judgment and argues that the arbitrator exceeded the scope of his authority by modifying the parties' rights and obligations under the settlement agreement and amendment of easement.  He also asserts that the plaintiffs made

_____

[1] Dana R. Griffin.

fraudulent statements to the court and that the arbitrator acted with bias.  We affirm.

Background.  The parties live on abutting parcels.  The plaintiffs live on Lot A and the defendant lives on Lot B.  An unpaved roadway crosses Lot B to provide road access to the rear of Lot A.  The roadway, which has existed for decades, is recorded as an easement.  The recorded easement allows the owner of Lot A "to pass and repass with vehicles or otherwise."

In 2020, the plaintiffs sued the defendant.  Their principal contention was that the defendant had obstructed the easement by parking vehicles on it.  The plaintiffs wanted to install a septic system on their property and the defendant's parked cars interfered with the project.  In 2021, the parties executed a settlement agreement to resolve the dispute.  They agreed to hire a surveyor to plan the location and bounds of the easement.  The defendant would be able to locate the easement within certain parameters.

The settlement agreement also addressed parking.  The parties agreed that the

> "[o]wner of Lot B shall be permitted to use the Easement for parking and other uses subject to the following: Between the hours of 7:00am and 7:00pm, owner of Lot A and their successors and assigns shall provide one (1) hour notice to the owner of Lot B of their intention to make actual use of the Easement and owner of Lot B shall ensure that the easement is open to permit vehicular access to Lot A."

2

The parties recorded an amendment of easement that reflected the terms of the settlement agreement. Both the amendment of easement and the settlement agreement contained arbitration clauses. In relevant part, the settlement agreement provided that if "alleged violations of this agreement" cannot be resolved, "the parties agree to submit the dispute to binding arbitration by a commercial provider."

The settlement agreement did not end the dispute. In 2022, the plaintiffs filed a motion for order of reference for binding arbitration. They alleged that the defendant had violated the settlement agreement by parking vehicles in the easement and by relocating the entrance of the easement such that it was impassable to vehicles. The judge ordered that their dispute be submitted to mediation and, if unsuccessful, to arbitration.

The dispute proceeded to arbitration, presided over by a retired justice of the Land Court. After a two-day arbitration that included a view of the property, the arbitrator ordered the defendant to improve the easement to make it passable for vehicular and pedestrian access by regrading it and removing certain impediments. Further, the arbitrator ordered the defendant to refrain from parking vehicles in the easement between 7 P.M. and 7 A.M. The judge confirmed the arbitrator's award and denied the defendant's motion to vacate or modify the award.

3

Discussion. 1. Arbitrator's authority. The defendant argues that the judge erred by confirming the arbitrator's award because the arbitrator exceeded his authority, G. L. c. 251, § 12 (a) (3), by depriving him of his historical right to park overnight in the easement and by ordering him to make improvements to the easement not contemplated by the settlement agreement. We disagree.

"We review the trial judge's decision to uphold the arbitration award de novo, but our examination of the underlying award is informed by the 'strong public policy favoring arbitration'" (citation omitted). Pittsfield v. Local 447 Int'l Bhd. of Police Officers, 480 Mass. 634, 637 (2018). "Indeed, an arbitration award carries a presumption of propriety because it is the arbitrator's judgment, not necessarily an objectively correct answer, for which the parties have bargained." Id. at 638, citing United Steelworkers of Am. v. American Mfg. Co., 363 U.S. 564, 568 (1960). "[T]he powers of the arbitrator . . . are wide and the scope of judicial review of the arbitration proceedings is narrow" (citation omitted). Katz, Nannis & Solomon, P.C. v. Levine, 473 Mass. 784, 793 (2016) (Levine). A court will "uphold an arbitrator's decision even where it is wrong on the facts or the law, and whether it is wise or foolish, clear or ambiguous." Pittsfield, 480 Mass. at 638,

4

quoting Boston v. Boston Police Patrolmen's Ass'n, 443 Mass. 813, 818 (2005).

"An arbitrator exceeds his or her authority by granting relief that is beyond the scope of the arbitration agreement, beyond that to which the parties bound themselves, or prohibited by law." Levine, 473 Mass. at 795. Here, the parties bound themselves under the settlement agreement and agreed to arbitrate all claimed violations of the agreement. The source of their disagreement was an ambiguity in the settlement agreement. It required the plaintiffs to give the defendant one hour's notice during the daytime before using the easement, to allow the defendant to move his vehicles. There was no notice requirement, however, between 7 P.M. and 7 A.M. The settlement agreement was thus ambiguous about whether the defendant could park overnight in the easement. The arbitrator had the authority to interpret the ambiguity and prescribe remedies accordingly. See Grobet File Co. of Am. v. RTC Sys., Inc., 26 Mass. App. Ct. 132, 135 (1988) (arbitrator acted within his authority by construing ambiguity in contract, which parties had agreed to arbitrate). Because it is the judgment of the arbitrator that the parties bargained for, "it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." Pittsfield, 480

Mass. at 638, quoting United Paperworks Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 37-38 (1987).

Likewise, the arbitrator acted within his authority in ordering the defendant to relocate the entrance of the easement and make certain improvements on the basis that the defendant had breached the covenant of good faith and fair dealing. The covenant of good faith and fair dealing, implied in every contract, requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Druker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385 (1976), quoting Uproar Co. v. National Broadcasting Co., 81 F.2d 373, 377 (1st Cir.), cert. denied, 298 U.S. 670 (1936). See also Warner Ins. Co. v. Commissioner of Ins., 406 Mass. 354, 360 n.7 (1990) (noting that settlement agreement is contract governed by general contract law).

The arbitrator concluded that the defendant violated the implied covenant of good faith and fair dealing by locating the easement in such a way as to render it impassable. This effectively deprived the plaintiffs of all fruits of the contract. Whether the easement could be traversed by vehicles was a critical issue in the parties' dispute, and the location and condition of the easement cut to the heart of the matter. Because the parties had agreed to arbitrate any "alleged

6

violation" of the settlement agreement, this issue was squarely within the ambit of the arbitrator.

2. <u>Fraud and partiality</u>.  The defendant argues that the plaintiffs' lawyer "duped" the judge into ordering reference to binding arbitration by misleading the judge on the chief issue of the case.  He also argues that the arbitrator acted with evident partiality.  Both arguments are meritless.

The defendant cherry-picks one quotation from the trial court transcript to buttress his argument that the plaintiffs' trial counsel misled the judge.[2]  A full reading of the transcript shows that the judge was well-apprised of the parties' dispute.  Trial counsel for the plaintiffs explained that the dispute concerned access to the easement.  Trial counsel noted that boulders and a sapling were obstructing the easement, in violation of the settlement agreement.  The judge accordingly referred the dispute to binding arbitration.  There is no factual or legal basis for the defendant's claim.

Secondly, the defendant argues that the arbitrator acted with evident partiality.  An arbitration award may be vacated pursuant to G. L. c. 251, § 12 (<u>a</u>) (2), if "there was evident partiality by an arbitrator."  "Evident partiality" exists when

---

[2] "[T]he ground monuments are supposed to be located by a jointly-retained registered land surveyor and the fact of the matter is that they weren't.  That's the dispute that we have."

7

"a reasonable person would have to conclude that an arbitrator was partial to one party to an arbitration." Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 26 (2018), quoting JCI Communications, Inc. v. International Bhd. of Elec. Workers, Local 103, 324 F.3d 42, 51 (1st Cir. 2003). The defendant does not point to any facts in the record from which a reasonable person could infer partiality. Instead, he argues that the arbitrator showed evident partiality by depriving him of his historical right to park. This is a recycled form of the defendant's main argument; namely, that the arbitrator exceeded his authority by addressing parking. Whether the plaintiffs could use the easement without impediment was integral to the parties' dispute concerning the settlement agreement. The arbitrator could not have exhibited partiality solely by exercising his authority to resolve the dispute.[3]

Judgment affirmed.

By the Court (Grant,
Brennan & Toone, JJ.[4]),

Paul Little

Clerk

Entered: March 6, 2025.

---

[3] The parties' requests for attorney's fee and damage awards are denied. The plaintiffs' motion to strike portions of the defendant's brief is also denied.

[4] The panelists are listed in order of seniority.

8