SUPERIOR COURT 
 
 694 WORCESTER ST LLC AND OTHERS[1] v. CCP COUNTER MANOR 0507 LLC AND OTHERS[2]

 
 Docket:
 2484CV03284-BLS2
 
 
 Dates:
 April 1, 2025
 
 
 Present:
 Kenneth W. Salinger Justice of the Superior Court
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING DEFENDANTS’ MOTION TO DISMISS COUNTS TWO AND THREE
 
 

 Defendants sold five Massachusetts skilled nursing facilities to the Plaintiffs. A Massachusetts Department of Public Health “de-densification regulation” had taken effect several months earlier; it provides that no resident bedroom in such a facility may contain more than two beds. That rule is being challenged in court. The parties agreed that whether the DPH rule was enforceable would affect the fair price for these facilities. They entered into an escrow agreement providing that $5.5 million of the $23.5 million sales price would be held in escrow, and that the escrowed amount would be payable to the Defendants “on a per bed basis” with respect to each bed that is “restored for use” at one of the facilities bought by the Plaintiffs or is made available for use somewhere else. The escrow agreement establishes a process by which the Defendants could make a claim for part or all of the escrowed funds. It also provides that any amount remaining in escrow two years after the Closing Date shall be released to the Plaintiffs. The purchase and sale agreement and escrow agreement both provide that they are governed by Massachusetts law.
Plaintiffs seek a declaratory judgment stating that they are entitled to the entire escrowed amount because the escrow period has ended and no beds have been restored to any of the purchased facilities. Plaintiffs also contend that they are entitled to damages because Defendants made a baseless claim against the escrowed funds and thereby committed a breach of contract, and are entitled to multiple damages plus attorneys’ fees because Defendants thereby committed an unfair trade practice in violation of G.L. c. 93A. Defendants have moved to dismiss the claims for breach of contract and under c. 93A.
 
--------------------------------------------
 
[1] 180  Low  St,  LLC;  168  W  Central  St,  LLC;  277  Washington  St,  LLC;  and  66 Central Property, LLC.
[2] CCP Eliot 0526 LLC, CCP Newton Wellesley 0539 LLC, CCP Colony House  0582 LLC, and CCP Sachem 0514 LLC. Riverside Abstract LLC, the escrow agent, is named as party-in-interest.
 
                                                            -1-
 
The Court will deny this partial motion to dismiss because the factual allegations in the complaint plausibly suggest that Defendants asserting a baseless claim against the escrowed funds in an attempt to deny plaintiffs the fruits of their contract, and thereby pressure them into accepting something less than they are entitled to receive under the escrow agreement, and as a result violated the implied covenant of good faith and fair dealing and committed an unfair trade practice.[3]
1. Implied Covenant Claim. Like every contract governed by Massachusetts law, the parties’ Purchase and Sale Agreement and their Holdback and Escrow Agreement both include an implied covenant of good faith and fair dealing, which provides “that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.” Weiler v. PortfolioScope, Inc., 469 Mass. 75, 82 (2014), quoting Druker v. Roland Wm. Jutras Assocs., Inc., 370 Mass. 383, 385 (1976).
In other words, this implied covenant requires “that, when performing the obligations of the contract, the parties ‘remain faithful to the intended and agreed expectations’ of the contract.” Chokel v. Genzyme Corp., 449 Mass. 272, 276 (2007), quoting Uno Restaurants,  Inc.  v.  Boston  Kenmore  Realty  Corp.,  441 Mass. 376, 385 (2004). To establish that this covenant has been violated, “[t]here is no requirement that bad faith be shown; instead, the plaintiff has the burden of proving a lack of good faith.” See, e.g., A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 434 (2018), quoting Robert and Ardis James Foundation, 474 Mass. at 189).
For example, the covenant of good faith and fair dealing imposes a duty to implement and carry out a contract “on its own terms,” without taking “an extreme and unwarranted view of [one’s] rights under the contract.” Robert and Ardis James Foundation v. Meyers, 474 Mass. 181, 191 (2016). “A breach occurs when one party violates the reasonable expectations of the other.” Chokel, supra.
Plaintiffs have alleged facts plausibly suggesting that Defendants’ claim to the escrowed funds was not made in good faith because it is not based on any ground  permitted  under  the  purchase  and  sale  agreement  or  the  escrow
 
--------------------------------------------
 
[3] To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint  must make factual allegations that, if true, would “plausibly suggest … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
 
                                                            -2-
 
agreement, but was instead asserted to pressure Plaintiffs to compromise their right to receive the full escrow amount.
Assuming those allegations to be true, Defendants may be liable for breaching the implied covenant by “exceed[ing] its contractual discretion or us[ing] its discretionary power in a pretextual manner.” S.M. v. M.P., 91 Mass. App. Ct. 775, 784 (2017); accord Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 472–473 (1991). In deciding this motion to dismiss, the Court must assume that the facts alleged in the complaint are true and must draw “every reasonable inference” in favor of Plaintiffs from those allegations. Rafferty v. Merck & Co., Inc., 479 Mass. 141, 147 (2018).
Plaintiffs need not allege that they have direct evidence that Defendants were not acting in good faith or asserted a baseless claim as pretext and in order to pressure the Plaintiffs. “A person’s knowledge, intent, or any other state of mind is rarely susceptible of proof by direct evidence, but rather is a matter of proof by inference from all the facts and circumstances in the case.” Gupta v. Deputy Dir. of Div. of Emp. & Training, 62 Mass. App. Ct. 579, 585 n.5 (2004). And an inference “need only be reasonable and possible;” it does not have to be “necessary or inescapable.” Parker v. EnerNOC, Inc., 484 Mass. 128, 132 (2020), quoting Commonwealth v. Kelly, 470 Mass. 682, 693 (2015).
2. Chapter 93A Claim. For much the same reasons, the complaint also states a viable claim that Defendants committed an unfair trade practice in violation of G.L. c. 93A.
The allegations that state a plausible claim under the implied covenant of good faith and fair dealing also state a plausible claim that Defendants violated c. 93A. See Massachusetts Employers Ins. Exchange v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995) (breach of implied covenant, involving “conduct undertaken as leverage to destroy the rights of another party to the agreement,” may constitute unfair or deceptive act or practice that violates c. 93A); Brewster Wallcovering Co. v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 605– 606 (2007) (finding that party breached implied covenant would provide sufficient basis for finding that it also violated c. 93A); Community Builders, Inc. v. Indian Motorcycle Assocs., Inc., 44 Mass. App. Ct. 537, 559 (1998) (violation of implied covenant by withholding payment required by contract in effort to pressure other party to compromise “furnished a basis for c. 93A liability”).
Even if the implied covenant were not implicated, filing a baseless claim in an attempt to achieve some unfair commercial advantage would violate c. 93A.
 
                                                            -3-
 
See Gillette Co. v. Provost, 91 Mass. App. Ct. 133, 141 (2017) (allegations suggesting that party filed baseless lawsuit to obtain unfair business advantage stated claim for violation of c. 93A).
Defendants’ argument that the c. 93A claim must be dismissed because Plaintiffs did not plead facts sufficient to show that “the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth,” see Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 473 (2003), is without merit.
Whether alleged misconduct has sufficient connection to Massachusetts to implicate c. 93A usually cannot be resolved on a motion to dismiss. See Resolute Mgmt., Inc. v. Transatlantic Reins. Co., 87 Mass. App. Ct. 296, 300–301 (2015) (reversing dismissal of claim under G.L. c. 93A, § 11). The burden of proof will be on Defendants to prove that their allegedly unfair or deceptive conduct did not occur primarily and substantially in Massachusetts. See G.L. c. 93A, § 11; Kuwaiti Danish Computer, supra, at 470. As a result, Plaintiffs are not required to plead facts sufficient to withstand a defense that that the center of gravity of his claim is not within Massachusetts. Resolute Mgmt., supra, at 301. Since Plaintiffs contend that their alleged loss occurred in Massachusetts and that Defendants’ claim against the escrow funds relates to Massachusetts facilities, Defendants’ assertion that the center of gravity of their alleged misconduct was not in Massachusetts cannot be decided on the pleadings. Id.
ORDER
Defendants’ motion to dismiss counts II and III of the complaint is denied. The session clerk shall set up an initial Rule 16 scheduling conference.